El Pueblo, Apelado, *v.* Ortiz et al., Apelantes.

Apelación procedente de la Corte de Distrito de Guayama.

No. 626.—Resuelto en diciembre 8, 1913.

Juegos Prohibidos—Monte—Tallador o Banquero—Suficiencia de la Denuncia.—Una denuncia en la cual se alega que los acusados jugaban al monte por interés o por dinero, haciendo uno de ellos de tallador o banquero y apuntando los demás, contiene hechos suficientes constitutivos del delito previsto en el artículo 299 del Código Penal enmendado por la ley de marzo 12, 1908, y la No. 36 de marzo 10, 1910.

Id.—"Poker"—Traducción Errónea del Artículo 299 del Código Penal.—El juego de *poker* no era de los específicamente prohibidos en el artículo 299 del Código Penal, el cual fué erróneamente traducido al español, poniéndose una coma después de la palabra *stud-horse* y antes de *poker*, cual si se tratara de dos juegos distintos, en vez de uno solo denominado *stud-horse poker*. El juego de *poker* fué agregado a la relación de juegos prohibidos que enumeraba el artículo 299 del Código Penal, en virtud de la ley de marzo 12, 1908, enmendando dicho artículo.

Id.—Monte—Juegos de Banca o Interés.—El juego de monte de que se trata en el presente caso es de los específicamente enumerados como de banca o interés en el artículo 299 del Código Penal.

Id.—"Poker"—Juegos de Banca o Interés.—El juego de *poker* quedará comprendido en la prohibición estatutoria del artículo 299 del Código Penal enmendado por la ley de marzo 12, 1908, cuando se efectúe en las mismas condiciones que cualquier juego de banca o interés.

Id.—"Poker"—Enmienda del Artículo 299 del Código Penal—Intención de la Legislatura.—De la enmienda hecha al artículo 299 del Código Penal por la ley de marzo 12, 1908, se deduce que fué el propósito de la legislatura castigar además de los juegos mencionados en dicho artículo, cualquier juego de banca o interés que se realizara en las mismas condiciones que los específicamente enumerados en él e incluyó el juego de *poker* entre los expresamente prohibidos, pero siempre que se realizara con las condiciones de cualquier juego de banca o interés.

Id.—Pruebas—Presentación de las Barajas y el Dinero Ocupado—Discreción del Tribunal Sentenciador.—La corte sentenciadora en el ejercicio de su poder discrecional puede admitir como prueba, después de terminada la prueba de cargo, las barajas y el dinero ocupado, aunque la presentación de esas piezas de convicción como prueba no es necesaria, pues el delito de jugar a lo prohibido no consiste en que a una persona se le ocupen barajas o dinero, instrumentos del juego, sino en que esa persona haya estado jugando a lo prohibido.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Los apelantes no comparecieron.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El recurso de apelación sometido a nuestra consideración fué interpuesto contra sentencia que en grado de apelación y mediante la celebración de nuevo juicio dictó la Corte de Distrito de Guayama en 12 de mayo del corriente año, condenando a uno de los acusados, Carlos B. Ortiz Ledee a $30 de multa o 30 días de cárcel, y a los demás o sean Mateo Rosa, Félix Cañedo, Lorenzo Manatou, Modesto Lanausse, Secundino Saenz, Pedro Acosta, Juan Dones, Juan Vázquez, Miguel Civil León, Hipólito Rodríguez y Quintín Rosa a $15 de multa cada uno de ellos o 15 días de cárcel, con las costas a cargo de todos los acusados.

La causa se originó en la Corte Municipal de Guayama a virtud de denuncia jurada que en la parte conducente dice así:

"Yo, Eduardo G. Torres, P. I., vecino de Arroyo, calle "Morse," No. ——, de 30 años, formulo denuncia contra Carlos B. Ortiz Ledee, y otros por delito juegos prohibidos, (Violar Art. 299 C. P.) cometido de la manera siguiente: Que en marzo 2 de 1912, hora 1 a. m. y en el barrio "Guásimas," sitio Mangle, de Arroyo, del Distrito Judicial Municipal de Guayama, los acusados voluntaria y maliciosamente jugaban el juego de azar, denominado "monte" con barajas por interés y por dinero, habiendo ocupado dos barajas con cuarenta cartas cada una y sesenta centavos en monedas de plata, nikel y cobre; haciendo de tallador Carlos B. Ortiz Ledee, y los demás apuntaban. Siendo este hecho contrario a la ley y para tal caso prevista."

Los apelantes no han hecho ante esta Corte Suprema alegación alguna escrita u oral en apoyo del recurso; pero examinado el escrito de exposición del caso, encontramos que a la denuncia opusieron la excepción de que los hechos tales como en ella se habían consignado no constituían delito público, y que terminada la prueba de cargo, el abogado de los acusados interesó de la corte la absolución de éstos, por no haberse presentado como prueba las barajas ni el dinero, como piezas de convicción indispensables para establecer el *corpus delicti.*

Hemos examinado la denuncia en relación con el artículo 299 del Código Penal, tal como quedó enmendado por la Ley No. 36 aprobada en 10 de marzo de 1910 y con la jurisprudencia de esta Corte Suprema en los casos de *El Pueblo* v. *Ramsey et al.,* 8 D. P. R., 117; *El Pueblo* v. *Ruiz et al.,* 10 D. P. R., 557; *El Pueblo* v. *Guilarte et al.,* 11 D. P. R., 348; *El Pueblo* v. *Salcedo,* 13 D. P. R., 245, y *El Pueblo* v. *Benítez et al.,* decidido en marzo 6 del corriente año, (pág. 246), y tenemos que llegar a la conclusión de que contiene todos los elementos integrantes del delito de que se trata, pues en ella se consigna que los denunciados jugaban al monte por interés y por dinero, haciendo de tallador o banquero Carlos B. Ledee Ortiz y apuntando los demás.

Y no favorece a los apelantes la decisión recaida en el caso de *El Pueblo* v. *Benítez et al.,* de que dejamos hecho mérito.

El artículo 330 del Código Penal de California, del cual fué tomado el 299 de nuestro Código Penal, que estuvo en vigor hasta que fué aprobada la ley de 12 de marzo de 1908, dice así:

"Sec. 330.—Every person who deals, plays, or carries on, opens, or causes to be opened, or who conducts, either as owner or employee, whether for hire or not, any game of *faro, monte, roulette, lansquenet, rouge et noir, rondo,* tan, fan-tan, stud-horse poker, seven-and-a-half, twenty-one, hokey-pokey, *or any banking or percentage game* played with cards, dice, or any device, for money, checks, credit, or other representative of value, and every person who plays or bets at or against any of said prohibited games, is guilty of a misdemeanor, and shall be punishable by a fine not less than one hundred dollars nor not more than five hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment."

Y el artículo 299 de nuestro Código Penal, antes de ser enmendado, dice textualmente en inglés:

"Section 299.—Every person who deals, plays, or carries on, opens, or causes to opened, or who conducts, either as owner or

employee, whether for hire or not, any game of *faro, monte, roulette,* tan, fan-tan, stud-horse, poker, seven-and-a-half, twenty-one, hokey-pokey, or *any banking or percentage game* played with cards, dice or any device, for money, checks, credit, or other representative of value, and every person who plays or bets at or against any of said prohibited games, is guilty of a misdemeanor, and shall be punishable by a fine not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in jail not exceeding six months, or by both such fine and imprisonment.''

Como se ve, el juego de *poker* no es de los específicamente prohibidos, ni por el Código Penal de California ni por el nuestro en su redacción inglesa, y dejamos copiados en inglés los artículos expresados de uno y otro código, porque en la traducción hecha del artículo 330 del Código Penal de California, en la opinión que sirvió de fundamento a la decisión del caso de *El Pueblo* v. *Benítez et al.,* aparece el juego de *poker* como expresamente prohibido, sucediendo lo propio con el texto español del artículo 299 de nuestro Código Penal, por haberse puesto indebidamente una coma después de la palabras *stud-horse,* y antes de la de *poker,* cual si se tratara de dos juegos distintos en vez de uno solo denominado *stud-horse poker.* El juego de *poker* fué agregado a la relación de juegos prohibidos que enumeraba el artículo 299 de nuestro Código Penal, a virtud de la Ley de 12 de marzo de 1908 enmendando el citado artículo.

El juego de monte de que se trata en el presente caso es de los específicamente enumerados como de banca o interés, tanto en el Código de California como en el nuestro, y en ese concepto ha sido calificado de prohibido. El de *poker* quedará comprendido en la prohibición estatutoria cuando se efectúe en las mismas condiciones que cualquier juego de banca o interés de los taxativamente enumerados por el artículo 299 de nuestro Código Penal, tal como fué primitivamente redactado, de cuyo artículo se deduce que fué el propósito de la legislatura castigar además de los juegos que menciona, cualquier juego de banca o interés que se realizara en las mis-

mas condiciones que los específicamente enumerados. Las palabras *or any banking or percentage game* así lo demuestran.

Al aprobarse la ley de 12 de marzo de 1908 quiso la legislatura desvanecer toda duda que pudiera suscitarse acerca de si el juego de *poker* estaba comprendido en el artículo 299 de nuestro Código Penal cuando reuniera las condiciones de juegos de banca o interés (*banking or percentage game*), y con ese fin incluyó el juego de *poker* entre los expresamente prohibidos, pero siempre que se realizare en las condiciones de cualquier juego de banca o interés.

La Ley No. 36 para enmendar el artículo 299 del Código Penal aprobada en 10 de marzo de 1910, está sujeta a la misma interpretación que hemos hecho de dicho artículo, tal como fué primitivamente redactado, y luego enmendado por la ley de 12 de marzo de 1908.

En cuanto a no haberse presentado como prueba las barajas y el dinero ocupado, es de notarse que las barajas ocupadas por la policía fueron identificadas mediante su reconocimiento por uno de los testigos de cargo, habiendo declarado otros testigos también de cargo que fueron ocupados 50 o 60 centavos en plata, nikel y cobre. Además, las barajas así como el dinero ocupado fueron admitidas como prueba después de terminada la prueba de cargo, lo cual pudo verificar la corte en uso de su poder discrecional. De todos modos la presentación de esas piezas de convicción como prueba no era necesaria, pues el delito de jugar a lo prohibido no consiste en que a una persona se le ocupen barajas o dinero, instrumentos del juego, sino en que esa persona haya estado jugando a lo prohibido.

Finalmente, aunque los testigos de cargo afirman que los denunciados jugaban al monte por interés y los de descargo sostienen que el juego era de brisca, la corte inferior resolvió el conflicto de pruebas a favor de El Pueblo de Puerto Rico, y no encontramos motivo alguno para separarnos de su apreciación.

Por las razones expuestas opinamos debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.