EL PUEBLO, DEMANDANTE Y APELADO, *v.* SÁEZ, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en un caso sobre juegos prohibidos.

No. 627.—Resuelto en diciembre 8, 1913.

JUEGOS PROHIBIDOS—CONSENTIMIENTO DEL OCUPANTE DE UNA CASA PARA QUE SE JUEGUE ''MONTE'' EN ELLA—SUFICIENCIA DE LA DENUNCIA.—Una denuncia en la cual se imputa al acusado que ''ilegal, voluntaria y maliciosamente, y a sabiendas, permitió una jugada a lo prohibido, *monte,* en su casa de vivienda, habiéndose arrestado en dicha jugada doce individuos y ocupado naipes y dinero,'' consigna hechos bastantes para que se entienda perpetrado el delito previsto en el artículo 300 del Código Penal.

PRUEBAS—JUEGOS PROHIBIDOS—PRESENTACIÓN DE LOS NAIPES Y EL DINERO OCUPADOS—DISCRECIÓN DEL TRIBUNAL SENTENCIADOR—ERRORES SIN IMPORTANCIA.—No comete error fundamental el tribunal sentenciador que, después de terminada la prueba de cargo y de presentada por el acusado una moción pidiendo su absolución por no haberse presentado como prueba los naipes y el dinero con que se había jugado, permite al Fiscal que los presente. La resolución de tal cuestión descansa en gran parte en la sana discreción del tribunal, y sólo podría servir de base a la revocación de una sentencia, si se demostrara claramente que la corte había abusado de su discreción y perjudicado algún derecho substancial del apelante.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El apelante no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Guayama dictada el 12 de mayo de 1913, imponiendo al apelante Secundino Sáez, declarado culpable del delito previsto en el artículo 300 del Código Penal, la multa de cinco pesos o en su defecto un día de cárcel por cada dollar que dejare de satisfacer.

La causa se originó en la Corte Municipal de Guayama y la sentencia apelada se dictó en grado de apelación por la corte del distrito. La denuncia, en lo pertinente, dice así:

"Yo Eduardo G. Torres, P. I., vecino de Arroyo, calle de Morse, de treinta años, formulo denuncia contra Secundino Sáez por el delito de violar el artículo 300 del Código Penal, cometido de la manera siguiente: Que en marzo 2 de 1913, hora 1 a. m. y en el barrio Guásimas, sitio ''Mangle'' de Arroyo, del Distrito Judicial Municipal de Guayama, P. R., el acusado ilegal, voluntaria y maliciosamente y a sabiendas permitió una jugada a lo prohibido, monte, en su casa de vivienda, habiéndose arrestado en dicha jugada doce individuos y ocupado naipes y dinero.''

El acusado alegó que los hechos tales como aparecían consignados en la denuncia no constituían delito público, y la corte desestimó su alegación.

El artículo 300 del Código Penal es como sigue:

"Toda persona que a sabiendas permitiere que se lleve a cabo cualquiera de los juegos mencionados en el precedente artículo, en alguna casa de su pertenencia o que tuviere alquilada del todo o en parte, incurrirá en la pena prescrita en dicho artículo.''

Examinada la denuncia en relación con el precepto legal transcrito y con el artículo 299 del propio Código Penal, es necesario concluir que la corte actuó correctamente al declarar sin lugar la alegación del apelante, ya que en la denuncia se siguen las palabras del estatuto y el juego de ''monte'' en ella especificado, está prohibido expresamente en el artículo 299 del Código Penal. Para un estudio más completo de esta materia, véase la opinión de esta corte emitida en el

día de hoy para fundamentar la sentencia en el caso de *El Pueblo* v. *Ortiz et al.,* (pág. 1136).

Terminada la prueba de cargo, el acusado pidió su absolución por no haberse presentado como prueba los naipes y el dinero con que se había jugado. La corte permitió al Fiscal que los presentara y el acusado tomó excepción.

Opinamos que la corte tampoco erró al dictar la anterior resolución. La regulación del orden en que deben presentarse y practicarse las pruebas se fija a veces en la ley y más generalmente en las reglas de las cortes y es cuestión que descansa en gran parte en la sana discreción del tribunal sentenciador. Para que un error de tal naturaleza pudiera servir de base a la revocación de una sentencia, tendría que demostrarse claramente que la corte había abusado de su discreción y perjudicado algún derecho substancial del apelante, y tal demostración no se ha hecho en este caso. Véanse los casos de *Arruza* v. *Laugier et al.,* 14 D. P. R., 25, 28; *Rosaly* v. *Graham,* 16 D. P. R., 162, 170, y *El Pueblo* v. *Julián,* 18 D. P. R., 940, 942.

Decididas de tal modo las dos únicas cuestiones levantadas especialmente por el acusado y habiendo examinado cuidadosamente la transcripción y no encontrado que se haya cometido error fundamental alguno, procede la confirmación de la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.