EL PUEBLO, APELADO, *v.* RIVERA ET AL., APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 629.—Resuelto en diciembre 8, 1913.

DENUNCIA—DEFECTOS NO IMPUGNADOS EN LA CORTE SENTENCIADORA—OMISIONES SUBSANADAS POR LA PRUEBA.—No habiendo sido objetada en la corte sentenciadora la denuncia presentada en este caso, es de presumirse que cualquier defecto que pudiera tener ha quedado subsanado por la prueba preséntada en el juicio.

JUEGOS PROHIBIDOS—"MONTE"—SUFICIENCIA DE LA DENUNCIA.—Una denuncia en la cual se alega que los acusados jugaban al monte, con interés, por dinero, haciendo uno de ellos de banquero o tallador y apuntando los demás, contiene hechos suficientes constitutivos del delito previsto en el artículo 299 del Código Penal, enmendado por las leyes de marzo 12, 1908, y marzo 10, 1910, estando el juego de monte específicamente prohibido en dicho artículo.

ID.—"MONTE"—"POKER"—OPINIÓN EN EL CASO DE EL PUEBLO V. BENÍTEZ ET AL., DE MARZO 6, 1913.—La opinión emitida en el caso de *El Pueblo* v. *Benítez et al.,* de marzo 6, 1913, (pág. 246), no es aplicable a este caso, porque en aquél se trataba del juego de *poker* mientras que en el caso de autos se trata del juego de monte, que estaba expresamente prohibido y considerado como juego de banca por el artículo 299 del Código Penal antes de ser enmendado. Véase la opinión en el caso de *El Pueblo* v. *Ortiz et al.,* resuelto hoy.

Los hechos están expresados en la opinión.

Abogado del Pueblo: Sr. *Charles E. Foote, Fiscal.*

Abogado de los apelantes: Sr. *Antonio Trujillo.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El presente es un recurso de apelación en el que no existe exposición del caso ni alegato y no encontrando este tribunal que se haya cometido ningún error fundamental, debe tal vez confirmarse la sentencia apelada sin discusión alguna.

El apelante estuvo sin embargo representado por abogado durante la vista de esta apelación, quien solicitó entonces que se revocara la sentencia por los supuestos errores contenidos en la denuncia, fundando su alegación en el caso del *Pueblo* v. *Benítez et al.,* fallado por este tribunal el día 6 de marzo de 1913, (pág. 246). En dicho caso el acusado formuló reparos a la denuncia ante la corte inferior, resolviendo esta

corte en apelación, que ni de la denuncia ni de la prueba apareció que se llevara a efecto un juego prohibido. En este caso no se formuló objeción alguna en la corte inferior. Somos de parecer de que la denuncia presentada en este caso sería suficiente aun cuando se hubiera formulado objeción contra ella; pero no habiéndose hecho ninguna objeción debe presumirse que cualesquiera defectos de que adoleciera dicha denuncia, quedaron subsanados por la prueba.

La denuncia es como sigue:

"El Pueblo de Puerto Rico v. Manuel Rivera Colón, Juan Martínez (a) Cagüeño, José Andino, José Alvarez (Cubita), Fidel Cotto, Juan Amador, Catalino Richardson y Francisco Alvarez. Yo Ezequiel Mongil, Jefe de Distrito 3ª. Clase, P. I., vecino de Bayamón, calle de Martí, mayor de edad, formulo denuncia contra los acusados arriba expresados por delito de infracción al artículo 299 del Código Penal, cometido de la manera siguiente: Que en 28 de diciembre, 1911, y como entre 9 y 10 p. m., y en la calle del Comercio de Bayamón, del Distrito Judicial Municipal de Bayamón, que forma parte del Distrito Judicial de San Juan, estos acusados en el comedor de la casa vivienda de Manuel Rivera Colón sito en la ya citada casa, (sic) voluntaria y maliciosamente y sobre una mesa que allí había jugaban a lo prohibido con interés por dinero, el juego conocido por "monte," uno de los comprendidos en el artículo 299 de Código Penal, haciendo de banquero o tallador José Andino y los demás de apuntes, siendo sorprendidos, ocupando dos dollars cincuenta centavos y tres barajas, dos de ellas de pinta colorada y una azul de cuarenta cartas cada una, que pongo a disposición de la corte."

La denuncia que dejamos transcrita cae bajo la sanción que establece el artículo 299 del Código Penal enmendado por la Ley de 12 de marzo de 1908 y por la Ley No. 36 aprobada en 10 de marzo de 1910, pues el juego de monte es uno de los expresamente relacionados en dicho artículo y en la denuncia se consigna que los denunciados jugaban con interés por dinero, haciendo de banquero o tallador José Andino y apuntando los demás. No favorece a los apelantes la resolución que dictó este tribunal en el caso de *El Pueblo* v. *Benítez et al.* (pág. 246), pues en ese caso trata de juego de

*poker* y en el presente, de juego de monte, y el último es uno de los juegos expresamente consignados en el estatuto original y considerado como de banca.

En tales condiciones somos de parecer que el apelante no está comprendido dentro de la excepción a que se hizo referencia en el caso citado de *El Pueblo* v. *Benítez et al.* Nos referimos a la opinión que sirve de fundamento a la sentencia por la que en este mismo día decidimos, en el caso de *El Pueblo* v. *Ortiz et al.*

Debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.