El Pueblo, Demandante y Apelado, *v.* Marcano et al., Acusados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por juegos prohibidos.

No. 1030.—Resuelto en julio 28, 1916.

Juegos Prohibidos—Juegos de Banca o Interés—Lotto—Ganancia o Beneficio.—Para que sea punible un juego de banca o interés que no sea de los que específicamente mencionaba el artículo 299 del Código Penal como estaba originalmente redactado al comenzar a regir en 1902, entre los que no figuraba el de *lotto* de que se trata en el presente recurso, como tampoco figura en las enmiendas hechas por las leyes de 12 de marzo de 1908 y 10 de marzo de 1910, es necesario que haya una persona que abra, dirija o administre la jugada y que esa misma persona u otra cualquiera reciba por ello alguna ganancia o beneficio, sin que los actos de recoger el dinero y cantar los bolos en el juego de *lotto* demuestren por sí solos que los acusados condujeron o dirigieron dicho juego en las condiciones expresadas.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. M. Romany y F. E. Martínez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto contra sentencia que con fecha 21 de febrero del corriente año 1916, en grado de apelación y mediante celebración de nuevo juicio, pronunció la Corte de Distrito de San Juan, Sección 2ª., en el caso arriba expresado, declarando a los acusados culpables de un delito de juegos prohibidos, e imponiendo a cada uno de ellos una multa de $2.50 con las costas, y por falta de pago un día de cárcel por cada dólar de multa que dejaren de satisfacer.

La causa se originó en la Corte Municipal de Río Piedras a virtud de denuncia jurada que en la parte conducente dice así:

"Yo, Juan T. Acevedo, Cabo P. I., vecino de Río Piedras, calle de Oriente, formulo denuncia contra los acusados arriba mencionados, por delito infracción al artículo 299 del Código Penal, cometido de la manera siguiente: que en 28 de diciembre, 1915, a la 1 P. M. y en la calle del 'Comercio' de Río Piedras, del Distrito Judicial Municipal de Río Piedras, que forma parte del Distrito Judicial de San Juan, los acusados Arístides Marcano, Ricardo Santiago, Manuel R. Fernández, José Torres, Marcelino Pepín, Luciano González, Nicolás Rodriguez, Salvador Bayada, Alejandro Torres, Nicolás Suárez, Ventura Martínez, Martín Maysonet, Ramón Carreras, Asunción Santana y Alberto Michel, voluntaria, maliciosa y criminalmente y en el cafetín de Manuel Rivera sito en dicha calle jugaban a lo prohibido por interés con dinero el juego denominado *lotto,* el que era dirigido por Martín Maysonet, ocupando cincuenta centavos, treinta cartones y noventa bolos. Hecho contrario a la ley.''

Alega la representación de los apelantes en apoyo de la revocación de la sentencia apelada que la corte cometió error al declarar sin lugar la excepción perentoria opuesta a la denuncia de que los hechos alegados en la misma no eran constitutivos de delito público y que también erró al declarar sin lugar la moción de *non-suit* presentada por los apelantes al terminar la prueba de cargo.

Hemos examinado la denuncia transcrita y las pruebas practicadas en el juicio, y aunque la primera acaso contiene todos los elementos necesarios para determinar el delito de juego prohibido, tal como lo provee y castiga el artículo 299 del Código Penal, según quedó últimamente enmendado por la Ley No. 36 aprobada en 10 de marzo de 1910, interpretado por esta Corte Suprema en los casos de *El Pueblo* v. *Benítez et al.* y *El Pueblo* v. *Ortiz et al.,* 19 D. P. R. 246 y 1136, por cuanto en dicha denuncia se consigna que los acusados jugaban a lo prohibido por interés con dinero el juego denominado *lotto* el que era dirigido por Martín Maysonet, y en una denuncia de esa clase redactada por un cabo de la Policía Insular y no por un fiscal letrado no podemos exigir estrictamente las mismas formalidades que en una verdadera acusación, sin embargo las pruebas practicadas no demuestran

la existencia de un juego prohibido dirigido por alguno de los jugadores y verificado en las mismas condiciones que cualquier juego de banca o de interés de los específicamente relacionados en dicho artículo tal como estaba originariamente redactado al comenzar a regir el Código Penal en 1902. Para que sea punible un juego de azar que no sea de los que específicamente mencionaba ese artículo, entre los cuales no figuraba el de *lotto,* como tampoco figura en las enmiendas hechas por las leyes de 12 de marzo de 1908 y 10 de marzo de 1910, es necesario que haya una persona que abra, dirija o administre la jugada y que esa misma persona u otra cualquiera reciba por ello alguna ganancia o beneficio.

Tales requisitos no han concurrido en el presente caso, pues aunque en la denuncia se afirma que el juego era dirigido por Martín Maysonet, los dos únicos testigos que han sido examinados declaran, uno de ellos que Ventura Martínez era quien recogía el dinero y un tal Maysonet cantaba los bolos, conviniendo el otro testigo en que Maysonet era quien cantaba los bolos, sin que ni uno ni otro haga la más ligera indicación acerca de que hubiera quien dirigiera el juego o percibiera por ello algún beneficio.

Los actos de recoger el dinero y cantar los bolos no muestran que Ventura Martínez y Martín Maysonet condujeran o dirigieran el juego en las condiciones ya explicadas y tampoco aparece que en esas mismas condiciones lo hiciera alguna otra persona.

Por las razones expuestas es de revocarse la sentencia apelada y absolverse a los acusados con las costas de oficio.

*Revocada la sentencia apelada y absueltos los acusados con las costas de oficio.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.
Los Jueces Asociados Sres. del Toro y Hutchison disintieron.