EL PUEBLO, DEMANDANTE Y APELADO, *v.* DOMÍNGUEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por juegos prohibidos (lotto).

No. 2104.—Resuelto en julio 24, 1923.

JUEGOS PROHIBIDOS—LOTERÍA (*Lotto*)—DENUNCIA INSUFICIENTE.—No siendo el juego de lotería (*lotto*) de los prohibidos expresamente por el artículo 299 del Código Penal, para que sea penable es preciso que se alegue que una persona dirigía o administraba la jugada y que ella o cualquiera otra recibía por ello alguna ganancia; por lo que, una denuncia que se limita a alegar que tal juego es prohibido porque hay en él un banquero o director que cobra, paga y descuenta el barato, es insuficiente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. A. Vázquez.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante fué denunciado y condenado por delito de juegos prohibidos, alegándose en la denuncia que con otros "jugaba por interés y por dinero el juego de azar denominado *lotto,* que es un juego de azar similar a los expresamente prohibidos por el artículo 299 del Código Penal porque hay en él un director o banquero, que cobra, paga y descuenta el barato."

Alegó en el tribunal inferior como excepción perentoria que tal denuncia es insuficiente porque no tiene alegación

alguna de quién fuera el que abriera el juego, o el que lo dirigiera como principal o apunte, o cobrara el barato, y sostiene en este recurso que la simple insinuación que contiene la denuncia de que el juego de *lotto* jugado por el acusado es un juego de azar similar a los expresamente prohibidos por el artículo 299 del Código Penal porque hay en él un director o banquero que cobra, paga y descuenta el barato, es insuficiente y no lleva envuelta la alegación específica de que en el juego que efectuaba el acusado alguna persona lo abriera o dirigiera, o administrara o recibiera alguna ganancia o beneficio. A esto contesta el fiscal que la denuncia es suficiente aunque no expresa la persona que dirigiera o abriera la jugada y recibiera el barato y que esa alegación no es esencial sino materia de prueba.

Creemos que tiene razón el apelante. El juego de lotería (*lotto*) no es de los expresamente prohibidos por la ley y para que sea penable por ser similar a los juegos de azar es necesario, según dijimos en el caso de *El Pueblo* v. *Marcano,* 24 D. P. R. 476, que haya una persona que abra, dirija o administre la jugada y que esa persona u otra cualquiera reciba por ello alguna ganancia o beneficio, y en este caso la denuncia no dice que en la jugada de lotería en que estaba jugando el apelante había una persona que abría, dirigía o administraba el juego y que ella u otra recibiera alguna ganancia o beneficio, que es cuando el juego de lotería está prohibido, sino que se limita a alegar que dicho juego de lotería es de los prohibidos porque hay en él un director o banquero que cobra, paga y descuenta el barato, lo cual es la alegación del requisito para que la jugada de lotería se considere como delito pero no es la alegación de que efectivamente en este caso había una persona que hacía tales cosas.

Es cierto que en el caso de *El Pueblo* v. *Marcano, supra,* la denuncia se limitó a decir que se jugaba a lo prohibido por interés con dinero al juego denominado *lotto* y que era

dirigido por Martín Maisonet, sin expresar que recibiera ganancia o beneficio o cobrara el barato y que en ese caso se dijo que acaso contenía todos los elementos necesarios para determinar el delito de juego prohibido; pero no se dió mayor consideración al asunto porque se resolvió que la prueba era insuficiente para justificar la denuncia. Creemos, sin embargo, que la denuncia debe alegar que alguien recibe ganancia o beneficio por el juego, porque es lo que hace punible el juego de lotería (*lotto*).

Por lo expuesto creemos que debió ser sostenida la excepción perentoria aducida a la denuncia y que no exponiendo ésta hechos constitutivos de delito debe ser absuelto el acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Asociados Wolf y Franco Soto.

Los Jueces Sres. Presidente del Toro y Asociado Hutchison disintieron.