El Pueblo de Puerto Rico, demandante y apelante, *v.* Juan Rivera y José Gutiérrez, acusados y apelados.

No. 3952.—*Sometido:* Febrero 4, 1930. *Resuelto:* Junio 26, 1930.

*R. A. Gómez,* abogado de *El Pueblo,* apelante.; *González Fagundo & González Jr.,* abogados de los apelados.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

La denuncia original, con arreglo a lo que, en apelación juzgó el caso la corte de distrito, dice así en lo pertinente:

"Que en 11 de marzo de 1929, y en la calle Comercio, esq. a A. Cuadra, de Humacao, dentro del Distrito Judicial Municipal de Humacao, que forma parte del Distrito Judicial de Humacao, P. R., los referidos acusados Juan Rivera y José Gutiérrez, entonces y allí, y en el establecimiento comercial de Juan Rivera, sito en la calle Comercio, esq. Atanasio Cuadra, de Humacao, ilegal y voluntariamente, tenían establecido y dirigían como principales; cierto juego de banca y de azar que allí y entonces jugaban con cierto artefacto o máquina (*slot machine*) lo cual lo jugaban los acusados por dinero y ficha representando valores."

En la vista del caso ante la Corte de Distrito de Humacao, la defensa presentó la excepción perentoria de que los hechos alegados en la denuncia no constituyen delito. Y la corte

declaró con lugar la excepción, y dictó sentencia absolutoria, con relación a la que ha apelado El Pueblo.

El fundamento de la excepción fué que no se había alegado que se cobrara cantidad alguna como barato.

La corte de distrito se fundó, al resolver la excepción, en la decisión de este tribunal en el caso *El Pueblo* v. *Domínguez,* 32 D.P.R. 317.

El apelante al argumentar su señalamiento de error hace la historia de la jurisprudencia de Puerto Rico en esta materia, y distingue, con acierto, los casos *El Pueblo* v. *Benítez,* 19 D.P.R. 246, *El Pueblo* v. *Marcano,* 24 D.P.R. 476, y *El Pueblo* v. *Domínguez,* antes citado, de los casos *El Pueblo* v. *Ortiz,* 19 D.P.R. 1136 y *El Pueblo* v. *Rivera,* 19 D.P.R. 1144, y cita un párrafo de la opinión en *El Pueblo* v. *Ortiz,* así:

"El juego de monte de que se trata en el presente caso es de los específicamente enumerados como de banca o interés, tanto en el código de California como en el nuestro, y en ese concepto ha sido calificado de prohibido. El de 'poker' quedará comprendido en la prohibición estatutoria cuando se efectúe en las mismas condiciones que cualquier juego de banca o interés de los taxativamente enumerados en el artículo 199 de nuestro Código Penal, tal como fué primitivamente redactado, de cuyo artículo se deduce que fué el propósito de la legislatura castigar además de los juegos que menciona, cualquier juego de banca e interés que se realizara en las mismas condiciones que los específicamente enumerados. Las palabras 'or any banking or percentage game' así lo demuestran."

Es indudable que existe la diferencia entre unos y otros casos. En *El Pueblo* v. *Benítez* se decidió la diferencia entre un juego, delito público por las circunstancias de hacerse una explotación o negocio usándolo como medio, y un juego, entretenimiento privado en donde no hay el elemento de negocio o explotación inmoral. Aparte de esto, la prueba en el caso pareció deficiente. En *El Pueblo* v. *Marcano, supra,* y en el de *El Pueblo* v. *Domínguez,* el juego de que se trataba era el llamado Lotto, o de lotería; en la acusación en el

primero se alegó que el acusado dirigía el juego; y en el segundo se confirmó la doctrina de ser necesaria la alegación de que alguien recibe ganancia o beneficio.

En el caso *El Pueblo* v. *Ortiz et al.,* 19 D.P.R. 1136, la denuncia imputó la comisión de un delito de "juegos prohibidos (violar el artículo 299 C. P.)," y que los acusados jugaban al "monte" con barajas, por interés y por dinero, haciendo de tallador uno de ellos, y apuntando los demás; y este tribunal, en apelación, y citando los casos *El Pueblo* v. *Ramsey et al.,* 8 D.P.R. 117, *El Pueblo* v. *Ruiz,* 10 D.P.R. 557, y otros, decidió que alegándose que los acusados jugaban al monte por interés y por dinero, haciendo de banquero uno y de puntos los demás, era suficiente la acusación, y que el juego de monte se halla específicamente prohibido como de banca o interés. Es igual la doctrina del caso *El Pueblo* v. *Rivera,* 19 D.P.R. 1144. En ninguno de esos casos aparece como necesaria, para la denuncia, la circunstancia de que se cobrara barato.

Estamos de acuerdo con la teoría presentada por el fiscal de este tribunal en su alegato. Dice:

"En primer lugar he de expresar a este Hon. Tribunal que tengo el criterio de que todo juego de lotería penado por el artículo 291 de nuestro Código, podría ser perseguido indistintamente como juego prohibido de azar con banca e interés dentro del artículo 299, pues las características especiales que lo hacen juego de lotería no le quitan el carácter de juego prohibido de azar con banca e interés, aunque no todo juego prohibido de azar con banca e interés puede ser perseguido bajo el artículo 291, pues existen muchos de esta última clase que no poseen las características especiales de la lotería."

El hecho en sí es un juego de azar con banca o interés. Esa es la característica delictuosa de esas infracciones de la ley; puede ser una lotería, o puede ser otro juego; pero si el azar es elemento indispensable, y si lo es en la banca o el interés, ya cae bajo la sanción del artículo 299 del Código Penal, lo mismo que puede caer, en su caso, bajo la del artículo 291. Por esta razón lo aquí decidido no contradice lo

260

que se dijo en *El Pueblo* v. *Celedonio Torres,* de 10 de diciembre de 1929 (40 D.P.R. 252).

En el caso presente la denuncia alega que los acusados "tenían establecido y dirigían como principales cierto juego de banca y azar" con un *slot machine* jugándose dinero, y fichas que lo representaban. La excepción ha admitido esto como un hecho.

La denuncia como está formulada tiene los elementos necesarios para determinar con claridad completa, la existencia de la infracción del artículo 299 del Código Penal. La resolución de la excepción ha sido errónea.

*Debe revocarse la sentencia apelada, devolviéndose el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.*