Antonio C. Cosme, peticionario y apelante, *v.* José Candelario, Alcaide de la Cárcel Municipal de Salinas, P. R., opositor y apelado.

No. 4653.—*Sometido:* Febrero 10, 1932. *Resuelto:* Marzo 10, 1933.

*Leopoldo Feliú* (*Feliú & La Costa* en el alegato), abogado del apelante; *R. A. Gómez, Fiscal,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Cosme, dueño y explotador autorizado (*licensed operator*)

de una máquina automática, fué arrestado por tener estable-
cido, por medio de cierto mecanismo, un juego de azar, por
dinero. El conducir tal juego constituye ordinariamente un
delito menos grave. Véase el artículo 299 del Código Penal
(Estatutos Revisados, sec. 5747). Con anterioridad a agosto
de 1931, cuando empezó a regir una ley que autoriza se ex-
pidan licencias para explotar máquinas automáticas, se re-
solvió que la explotación de tales máquinas infringía el ar-
tículo 299 antes citado. Véase *El Pueblo* v. *Torres,* 40 D.P.R.
252, y *El Pueblo* v. *Rivera,* 41 D.P.R. 257. En el presente
caso el juez de distrito expidió un auto de hábeas corpus y
después de celebrada una vista anuló el auto y ordenó la
encarcelación del peticionario. La cuestión es si el dueño
de una máquina automática que ha obtenido una licencia para
la explotación de lá misma de conformidad con la ley de 1931,
está exento de ser procesado.

De acuerdo con la sección 1 de la ley de 1931 (Leyes
de ese año, pág. 504) se cobrará y pagará un impuesto de
rentas internas sobre toda máquina de juego de azar y má-
quina cuyo funcionamiento se produzca por medio de mani-
velas o monedas o cualquier sustituto de éstas, y máquinas
automáticas, "que se venda, traspase, use o introduzca en
Puerto Rico." La sección 84 de la ley de 1927 (Leyes de
ese año, pág. 477), según fué enmendada por la sección 3
de la ley de 1931, dispone que toda persona deberá pagar
trimestralmente, como rentas internas, ".por la explotación
de máquinas automáticas vendedoras o de juego de azar, cuyo
funcionamiento se produzca por medio de manivelas o mo-
nedas, o cualquier sustituto de éstas, diez (10) dólares por
cada máquina."

En el caso de *El Pueblo* v. *Rodríguez,* 43 D.P.R. 11, en
que se invocó por primera vez la ley de 1931 como funda-
mento para la revocación de una sentencia, se dijo: "El
peso de las autoridades es que el imponer contribuciones a
artefactos castigados por la ley penal no deroga la ley penal
a menos que tal intención sea claramente indicada por la

Legislatura.'' Ulterior consideración de la cuestión, según ha sido discutida en el alegato del apelante en el presente recurso, nos ha convencido de que la intención de la legislatura de eximir de persecución a un explotador debidamente autorizado de una máquina automática, es bastante clara. La ley de 1931 no solamente fija contribuciones sobre máquinas automáticas de juegos de azar sino que autoriza la expedición de una licencia para la explotación de tales máquinas como una ocupación o negocio, y exige de la persona que las explota una contribución por el privilegio de dedicarse a ese negocio. El fin obvio de la legislatura fué legalizar esta forma específica de juegos de azar al ser conducidos bajo determinadas condiciones. No podemos asumir que los redactores de la ley tuvieran la intención de expedir licencias al negocio de usar máquinas automáticas de juegos de azar, exigir dinero a la persona a quien se expida la licencia por el privilegio de dedicarse a ese negocio, y al mismo tiempo castigarla imponiéndole una multa o encarcelándola, o haciendo ambas cosas, por dedicarse a tal negocio.

Ya hemos dicho que la ley de 1931 exime de que se persiga al dueño autorizado de una máquina automática. Fuera de esto no abroga los artículos 291, 292 y 299 del Código Penal. Ni un dueño no autorizado ni un dueño cuya licencia ha expirado pueden escudarse en esta ley. La licencia introducida como prueba en el presente caso, advierte a la persona que se le expide que si emprende o continúa cualquier negocio sujeto a licencia sin proveerse de la misma, incurrirá en un delito menos grave y estará sujeta a ser procesada. Creemos que ésa es una interpretación correcta de la ley.

*La sentencia apelada debe ser revocada y absolverse al apelante.*

El Juez Asociado Señor Córdova Dávila no intervino.