El Pueblo de Puerto Rico, demandante y apelado, *v.* Zaragoza Figueroa Matías, acusada y apelante.

Núm. 6162.—*Sometido:* Junio 12, 1935.  *Resuelto:* Julio 23, 1936.

*José Veray, Jr.,* abogado de la acusada; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

Se acusó a la apelante de haber ilegal, voluntaria y maliciosamente portado en su manos, a sabiendas que los estaba utilizando para fines de venta en conexión con los juegos ilegales de "Boli-Pool," 46 *tickets* o números de la banca de *boli-pool* llamada "T" y otros *tickets* o números de la banca de *boli-pool* llamada "Gallo de Oro", todos los cuales le fue-

ron ocupados además de $3.75, producto de la venta efectuada de *tickets* o números de *boli-pool*. Y se alegó en la denuncia que los hechos expuestos constituyen una contravención de las disposiciones de la Sección 4 de la Ley núm. 25 de julio 17 de 1935 ((2) pág. 153).

Sentenciada a pagar una multa de $25 o a prisión subsidiaria, la acusada interpuso el presente recurso.

Los errores señalados por la apelante son:

1. No haber declarado nula la Ley núm. 25 de 17 de julio de 1935, por el hecho de haber sido aprobada en un día de fiesta legal, o sea el día del Natalicio de Luis Muñoz Rivera.
2. Haber declarado a la acusada culpable de portar billetes de *boli-pool*, no estando tal delito claramente definido en la ley que se dice haber sido infringida.
3. Que la sentencia es contraria a la prueba aportada.

Examinaremos los alegados errores en el mismo orden en que han sido presentados.

La cuestión legal que se levanta por el primer error señalado, fué considerada y resuelta por la corte sentenciadora en el sentido de que no siendo el día 17 de julio de 1935, fecha en que el Gobernador firmó la Ley núm. 25, un domingo, dicha ley es válida y constitutional, no obstante haber sido firmada en el "Día de Muñoz Rivera", que es un día de fiesta legal por disposición legislativa.

Estamos de acuerdo con el razonamiento del juez sentenciador. El artículo 34 de la Ley Orgánica fija un término de diez días, del que se exceptúan expresa y únicamente los domingos, para que el Gobernador devuelva a la Legislatura sin su firma aquellos proyectos de ley que le fueren presentados y que no merezcan su aprobación o para que los convierta en ley, firmándolos dentro del indicado término; entendiéndose que si el Gobernador no devolviere o firmare un proyecto dentro del término legal, el proyecto pasará a ser ley del mismo modo que si lo hubiera firmado. En condiciones normales el Gobernador tiene derecho a diez días hábiles completos, contados desde el día en que le es presentado un

proyecto de ley, para estudiar el mismo y firmarlo o devolverlo sin su firma a la Legislatura. Ni el Gobernador ni la Legislatura están facultados para prorrogar ese término mediante la exclusión de días feriados creados por la misma Legislatura, pues eso equivaldría a una concesión de facultades para enmendar la Ley Orgánica. Debemos resolver que el Gobernador puede firmar cualquier proyecto de ley, dentro de los diez días (exceptuando los domingos) después de haberle sido presentado, y que lo puede firmar en cualquiera de dichos días, aún cuando sea un día feriado.

Debe desestimarse el primer error.

■ La Sección 4 de la Ley núm. 25 de 1935, en lo pertinente, lee así:

"Sección 4.—Toda persona que fuere sorprendida portando o conduciendo cualquier papeleta, billete, *ticket,* libreta, lista de números o implementos, a sabiendas de que se utilizan o están utilizando para los juegos ilegales de la 'bolita,' '*boli-pool,*' combinaciones clandestinas relacionadas con los '*pools*' de los hipódromos de Puerto Rico, y loterías clandestinas, y toda persona que vendiere éstos o cualesquiera otros análogos que se probare representar algún billete, suerte, acción o interés en dichos juegos ilícitos o conectados con la práctica de los mismos, será arrestada inmediatamente, formulándose la correspondiente denuncia ante la corte municipal con jurisdicción, y convicta que fuere, será castigada al pago de una multa no menor de veinte y cinco (25) dólares ni mayor de cincuenta (50) dólares, o a sufrir cárcel por un término no menor de veinte (20) días ni mayor de noventa (90) días; . . ."

Alega la apelante que dicha sección 4 no describe claramente el delito que trata de establecer, toda vez que no define qué es lo que se entiende por el juego de la "bolita" o el de "boli-pool"; y que es requisito indispensable que la misma ley defina o explique en alguna forma qué es lo que se entiende por cada uno de dichos juegos, como lo hace el artículo 291 del Código Penal, que define lo que se entiende por "lotería."

En la obra Corpus Juris encontramos el párrafo que sigue:

"Cuando el juego está específicamente denunciado por el estatuto, sólo es necesario especificarlo en la acusación por el nombre que se

le ha dado en la ley. No es necesario, a menos que así lo exija el lenguaje del estatuto, alegar que el juego que se jugaba era uno de azar o de suerte. Ni es tampoco necesario alegar en qué consiste la manera de jugar el juego." 27 C. J. 1022, párr. 199; People v. Beatty, 14 Cal. 567.

Y más adelante en el mismo volumen leemos:

"Sección 200.—*Descripción o Plan.*—Cuando el plan (*device*) bajo el cual se efectuó o se permitió el juego se menciona en el estatuto y se prohibe en términos expresos, es suficiente mencionar dicho plan por su nombre, sin otra descripción." 27 C. J. 1022, párr. 200.

Es cierto que nuestro Código Penal (art. 291) describe lo que se entiende por lotería. Pero esa descripción era absolutamente necesaria, para poder comprender dentro de un solo artículo la inmensa variedad de planes que puede concebir el ingenio humano para distribuir dinero o bienes por suerte, sea cual fuere el nombre que se le dé al plan.

Cuando el juego que prohibe el estatuto es vulgarmente conocido por un nombre determinado, basta que el estatuto lo prohiba designándolo por ese nombre, sin que sea necesario hacer una descripción del plan o sistema que se siga para jugarlo. Por eso vemos que el artículo 299 del Código Penal declara "reo de *misdemeanor*" a toda persona que jugare, como banquero o como apunte, cualquier juego de "faro", "monte", "ruleta", "tan fan-tan", "stud-horse pocker", "siete y media" y otros juegos de banca o interés, sin hacer la más somera descripción del plan que se sigue para jugar cada uno de dichos juegos.

Esta corte ha considerado e interpretado las varias disposiciones del Código Penal en materia de juegos prohibidos y ha establecido la regla a la que deben ajustarse las denuncias por esta clase de delitos.

En el caso de *El Pueblo* v. *Sáez*, 19 D.P.R. 1141, se acusó a Sáez de haber permitido que se jugara en su casa al juego prohibido "monte", en violación del artículo 300 del Código Penal. La corte inferior declaró sin lugar la excepción perentoria, y esta corte confirmó la sentencia, sosteniendo que

432

la corte inferior actuó correctamente, pues la denuncia seguía el lenguaje del estatuto y el juego de ''monte'' está prohibido expresamente por el artículo 299 del mismo código. Véanse *Pueblo* v. *Ortiz,* 19 D.P.R. 1136; *Pueblo* v. *Rivera,* 19 D.P.R. 1144.

El error alegado carece de méritos.

■■ La apreciación de la evidencia, la credibilidad de los testigos y el peso que deba darse a sus declaraciones y la resolución de los conflictos que surjan de la evidencia, son de la incumbencia de la corte sentenciadora. Y no apareciendo del récord que el tribunal sentenciador haya incurrido en error manifiesto; y no habiéndosele imputado que actuara movido por pasión, prejuicio o parcialidad, es nuestro deber respetar su fallo.

*Se confirma la sentencia recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.