EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AMADOR SOTO y otros, acusados y apelantes.

Núm. 11307.—*Sometido:* Mayo 3, 1946. *Resuelto:* Mayo 20, 1946.

*Rafael Hernández Matos*, abogado de los apelantes; *Hon. Procurador General, E. Campos del Toro, Luis Negrón Fernández, Procurador General Auxiliar*, y *J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

Ocho individuos convictos y sentenciados por infracción al artículo 299 del Código Penal apelan de la sentencia, y señalan como error la insuficiencia de la prueba.

El artículo 299 del Código Penal dispone, en lo pertinente:

"Toda persona que jugare, tomare parte, o tuviere establecido, abriere o hiciere abrir o que dirigiere como principal o empleado, por aquiler o de otro modo, cualquier juego de faro, monte, ruleta, fan tan, póker, siete y media, veintiuna, *hokey-pokey* o cualquier juego de azar, con barajas, dados, o de cualquier otra clase, por dinero, cheques, crédito o fichas representando valores, así como toda persona que jugase o apostare a favor o en contra, en cualquiera de dichos juegos prohibidos, será reo de '*misdemeanor*', incurriendo en multa que no excederá de quinientos dólares, o cárcel por un término máximo de seis (6) meses, o ambas penas, las antedichas multa y prisión."

Hemos resuelto que aquellos juegos de azar que no se mencionan expresamente en el artículo citado, no son prohibidos a menos que haya una persona que abra, dirija o administre la jugada, y reciba alguna ganancia o beneficio. *Pueblo v. Domínguez*, 32 D.P.R. 316; *Pueblo v. Marcano*, 24 D.P.R. 476.

■ De la prueba resulta que uno de los acusados, Fernando Bonafoux, abría, dirigía y administraba un juego denominado "pares o nones," en el cual participaban varias personas. Se jugaba en una mesa de billar sobre un extremo de la cual se colocaba un número de palillos. Un individuo tiraba a los palillos desde el otro extremo de la mesa con una bola de billar impulsada por un taco, de manera que la bola rebotara contra una de las bandas de la mesa antes de dar a los palillos. Antes de tirar, apostaba dinero con uno o más de los que estaban presentes a que habría de tumbar un número par o impar de palillos. Además, se cruzaban apuestas de dinero entre los otros en cuanto al resultado del tiro. Bonafoux recogía el dinero apostado y pagaba a los ganadores. Si ganaba el tirador, Bonafoux retenía para sí cinco centavos. Si perdía el tirador, Bonafoux no recibía nada.

Los apelantes insisten en que se trata de un juego de habilidad, porque el resultado depende de la habilidad del tirador. La única prueba sobre este extremo es la declaración del acusado Bonafoux, quien declara que el tirador "trata de tumbar dos palos, pero a veces le salen tres" y que "si digo 'nones' puedo dar pares". Se le preguntó entonces que si eso obedecía a la falta de habilidad o a la suerte, y contestó "Se debe a que usted tiene oportunidad de ganar. Tiene que tener habilidad, porque usted tiene que meter la bola." Y luego añade que el tirador más hábil tiene más oportunidad de tumbar el número de palillos que desea que el menos hábil.

Aunque no hay duda de que la habilidad del tirador desempeña cierto papel en el juego, parece evidente que ese factor no es decisivo. Como indica el acusado Bonafoux, siempre hay oportunidad de ganar o perder. Si no la hubiera, no se explicaría la popularidad del juego, que no se limita a Ponce, como creen los apelantes, sino que se extiende hasta las Filipinas, donde se ha resuelto que es un juego de

azar. *Estados Unidos* v. *Concepción,* 37 Jur. Fil. 52. No creemos propio entrar en disquisiciones filosóficas en cuanto al relativo peso de los distintos factores que puedan determinar la incertidumbre en el resultado.([1]) En algunos de los juegos que se prohiben específicamente en el artículo 299 del Código Penal, como el póker, la habilidad desempeña un papel importante. En otros, como la ruleta y los dados, no entra en juego la habilidad, en ausencia de fraude. Ambas clases de juegos se prohiben si se utilizan como medio para apostar dinero, y se prohiben solamente cuando así se utilizan. El caso de autos a nuestro juicio ofrece un ejemplo típico de la clase de juego que prohibe el artículo 299. No se trata de un juego como el billar, el ajedrez, las damas, los bolos, o la pelota, que tienen su finalidad propia, ajena a las apuestas de dinero, aunque a veces se apueste al resultado. Se trata de un juego que, como el póker, los dados, la ruleta, normalmente no tiene otra finalidad que el apostar dinero o su equivalente. Es por lo tanto, según se resolvió en *Estados Unidos* v. *Concepción,* supra, un juego de azar, o sea, uno de los juegos que prohibe el artículo 299 del Código Penal.

La prueba, como hemos visto, demuestra que Bonafoux abría, dirigía y administraba el juego y recibía una ganancia. El hecho de que esa ganancia fuera fija, y no dependiera del montante de las jugadas, no es importante. Lo importante es que Bonafoux se lucrara del juego. Quedó por lo tanto establecido el delito en cuanto a Bonafoux.

██ En cuanto a los otros siete apelantes, no existe la menor justificación para su convicción. Sólo uno de los siete se menciona en la denuncia. La prueba no hace la menor referencia a ninguno de ellos. *Debe por lo tanto revocarse la sentencia en cuanto a todos los acusados excepto Bonafoux, y en cuanto a éste, confirmarse.*

---

([1]) Véase la extensa monografía sobre juegos de azar en 135 A.L.R. 104, que ilustra el escaso valor de tales disquisiciones.