# 95 DTA 112

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI**
**DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL I**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JORGE MONTAÑEZ CRUZ
Peticionario

Núm. KLCE-95-00066

San Juan, Puerto Rico, a 2 de junio de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El peticionario, Jorge Montañez Cruz, presentó recurso de *certiorari* con el propósito que revisemos la resolución dictada por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Guayama donde se declara No Ha Lugar a una Moción de Desestimación al amparo de la Regla 64(p) de Procedimiento Criminal. Entendemos que le asiste la razón.

### I

El Ministerio Público le imputa al peticionario que el día de los alegados hechos él era el encargado de un negocio donde se vendían bebidas alcohólicas y permitió que menores de edad jugaran billar. En la vista de determinación de causa probable desfiló prueba que estableció que cuatro (4) estudiantes de la Escuela Superior de Patillas, estaban jugando billar en el negocio donde el acusado era empleado. Declararon los testigos que en ningún momento vieron a los estudiantes apostando o que recibieron premio alguno en el juego.

Contra el peticionario se determinó causa probable por Infracción al Artículo 163(f) del Código Penal. Oportunamente su representación legal presentó una Moción de Desestimación donde alegó que no se había determinado causa conforme a derecho. En síntesis expuso que no se configuró uno de los elementos del delito debido a que el juego de billar no constituye un juego de azar.

## II

Las determinaciones de causa probable gozan de una presunción de corrección. *Pueblo v. González Pagán*, 120 D.P.R. 684 (1988); *Pueblo v. Tribunal Superior*, 104 D.P.R. 454 (1975). No empece a ello, antes del juicio, se puede cuestionar la validez de dicha determinación. El vehículo procesal para ello es la Regla 64(p) de Procedimiento Criminal.█ Para que proceda declarar con lugar una moción de desestimación bajo este inciso debe de existir una ausencia total de prueba que demuestre que existe causa probable para creer que se ha cometido un delito y que el acusado lo cometió. *Vázquez Rosado v. Tribunal Superior*, 100 D.P.R. 592 (1972); *Pueblo v. Rivera Alicea*, **89 J.T.S. 108**, opinión del 19 de diciembre de 1989; *Pueblo v. Carballosa Vázquez*, **92 J.T.S. 184**, opinión del 16 de junio de 1992. Es imperioso que antes de resolver una moción al amparo de la Regla 64 (p), el tribunal deberá cotejar los elementos del delito imputado para luego determinar si hay ausencia total de alguno o de todos los elementos del mismo.

El artículo 163(f), 33 L.P.R.A. sec 4246 dispone que:

*"Será sancionada con pena de...(f) todo dueño administrador o encargado de cualquier establecimiento utilizado en todo o en parte como salón de bebidas o sala de juegos que permitiere a cualquier menor de 18 años tomar parte en juegos de azar".*

Salta a la vista que un elemento esencial del artículo 163 (f) es que el menor de 18 años tome parte en un juego de azar. El Código Penal no contiene una definición de lo que constituye un juego de azar. En el *Diccionario de la Lengua Española,* Tomo I, Vigésima Edición, Madrid, 1984, a la página 193 se define *"billar"* como *"un juego de destreza que se ejercita impulsando con tacos bolas de marfil en una mesa rectangular forrada de paño, rodeada de bandas elásticas y con troneras o sin ellas".* (subrayado nuestro). Nuestra jurisprudencia ha enumerado los siguientes criterios que caracterizan los mismos:

*"(1) El pago o prestación que se hace o se promete para participar en el juego de azar;*

*(2) El azar o suerte por medio del cual se gana el premio; y*

*(3) El premio que constituye algo de valor pecuniario que la persona recibe directamente u obtiene el derecho a recibir". Serra v. Salestian Society,* 84 D. P. R. 322 (1961).

Una característica fundamental de los juegos de azar es que el elemento de suerte y no la habilidad del jugador es la que controla el resultado del juego. Esta determinación deberá hacerse caso a caso. *Sun Design Video v. E.L.A.,* **94 5 J.T.S. 129**, opinión del 26 de agosto de 1994. El juego de billar tiene una finalidad propia ajena a las apuestas de dinero aunque a veces se apueste el resultado. *Pueblo v. Soto,* 66 D.P.R. 166 (1946).

En algunas jurisdicciones expresamente se ha resuelto que el billar no es un juego de azar. *D'Orio v. Startup Candy, Co.,* 266 P. 1039 (1928).

En el caso de autos el Procurador General presentó un informe en el cual señala: *"Siendo el billar un juego de finalidad propia, que depende de la destreza o habilidad del ejecutante para ganar o perder, y no existiendo prueba de apuesta, ganancia, distribución o resarcimiento económico alguno, es necesario concluir que dicho juego no es un juego de*

*azar de los comprendidos en el estatuto imputado al recurrente".*

Por los fundamentos expuestos, se expide el auto de *certiorari*. Se revoca la Resolución aludida y se ordena se desestime la acusación de conformidad con la Regla 64(p) de Procedimiento Criminal.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 112

**1.** En lo que resulta pertinente la denuncia lee: *"El referido acusado Jorge Montañez Cruz, allá en o para el 18 de noviembre de 1994, en Patillas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Distrito de Puerto Rico, Sala de Patillas, ilegal, voluntaria, maliciosa y criminalmente, permitió como encargado y/o administrador del negocio Colmado Bar Montañez, el cual es utilizado como colmado bar y partes de juegos, que menores estudiantes de la Escuela Superior Cecilio Lebrón Ramos de Patillas jugaran en la sala de billar en horas de clases y con uniforme de la escuela. Dichos billares son operados por ficheros de moneda legal americana, monedas de 25 centavos."*

**2.** Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A., Ap. II: *"Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho".*